IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GUIDO JUAN BRITO FUENTES,
Petitioner,
v.
WARDEN OF NORTHWEST ICE PROCESSING CENTER,[1]
Respondents.

No. 2:26-CV-02687-SAB

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND STAY OF TRANSFER**

Before the Court is Petitioner's Motion for Temporary Restraining Order, ECF No. 2. Petitioner is representing himself in the matter. Respondents have not filed a notice of appearance.

On July 30, 2026, Petitioner filed an Emergency Motion for a Temporary Restraining Order and Stay of Transfer, requesting the Court prohibit ICE from transferring him outside of the Western District of Washington while his Habeas

---

[1] Respondent is the Warden of Northwest ICE Processing Center. However, the proper respondent for a § 2241 petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Because Petitioner is currently detained at the Northwest Immigration Processing Center, the proper respondent for this action is the individual in charge of that facility. **Accordingly, the Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest Immigration Processing Center, as a Respondent in this action.**

Petition is pending. Petitioner is a citizen of Chile and was residing in Florida prior to his arrest by immigration officials on June 23, 2026. He is currently detained at the Northwest ICE Processing Center after transfers from similar detention facilities in Florida and Texas.

Petitioner moves the Court to enter a Temporary Restraining Order (TRO) to prevent any further transfers as this Court would lose jurisdiction over his petition if he were transferred out of the district. Further, Petitioner asserts the transfers that already occurred have caused significant hardship on him and his family, as it has become increasingly difficult for him to communicate with them and get the documents needed for him to engage with immigration proceedings.

The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Preliminary injunctions and TROs are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To successfully move for a TRO, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

Turning to the merits of his petition, it appears Petitioner was residing in the United States prior to his arrest by immigration officials. The Ninth Circuit recently established that civil immigration detainees who resided in the United States prior to detention are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th Cir. 2026). Instead, these individuals are subject to detention pursuant to 8 U.S.C.

§ 1226. *Id.* As there is nothing in the record indicating that Petitioner was detained due to any prior qualifying criminal conviction, it appears he is detained pursuant to 8 U.S.C. § 1226(a). *See e.g., Lopez Camchaco v. ICE Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026). When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id.* at 335.

Here, it appears Petitioner received no pre-deprivation notice or bond hearing at the outset of his detention. Courts in this district have routinely granted petitions in similar circumstances. *See e.g., Rana*, 2026 WL 472800, at *4-5, *Camchaco*, 2026 WL 1243459 at *8. Accordingly, Petitioner has established a likelihood of success on the merits of his petition.

Turning to the other *Winters* factors, Petitioner is likely to face irreparable harm in the absence of injunctive relief, as it appears Respondents are in the habit of transferring detainees between facilities throughout the country, with little regard for the detainees' interests and needs. Petitioner has already been transferred between three different facilities in the span of a single month. These constant transfers put Petitioner at risk, as it disrupts his ability to pursue habeas relief, contact family members, and collect the documents necessary for him to engage with immigration proceedings. The balance of equities further tips in

Petitioner's favor, as requiring Respondents to temporarily put on hold any plans for further transfers is a minor burden, if any. Lastly, the public interest tips in favor of allowing civil detainees to pursue habeas relief without facing repeated and arbitrary hurdles such as frequent transfers between detention facilities.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Temporary Restraining Order, ECF No. 2, is **GRANTED**.

2. Respondents and all of their respective officers, agents, servants, employees, attorneys and persons acting on their behalf in concert or in participation with them are enjoined and restrained from:

   1) Removing, transporting, or attempting to remove Petitioner from the United States; AND

   2) Transporting Petitioner to any detention facility, staging facility, airport, or border location for removal.

3. As Petitioner is representing himself in the matter, Respondents shall contact the Courtroom Deputy within 14 days from the entry of this Order to schedule a preliminary injunction hearing.

4. All briefing regarding a preliminary injunction shall be filed within 14 days of the entry of this Order.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to pro se Petitioner and Respondents once a notice of appearance is entered, and set case management deadlines accordingly.

**DATED** this 4th day of August 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge