IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GUIDO JUAN BRITO FUENTES,
Petitioner,
v.
WARDEN OF NORTHWEST ICE PROCESSING CENTER; and BRUCE SCOTT, Warden of the Northwest Immigration Processing Center,
Respondents,
v.
UNITED STATES OF AMERICA,
Interested Party.

No. 2:26-CV-02687-SAB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondents are represented by James C. Strong.

Petitioner is a citizen of Chile. He entered the United States on December 28, 2023, and was granted a temporary admission until March 26, 2024, through the Visa Wavier Program (VWP). Petitioner overstayed his visa and applied for asylum on February 23, 2025. Petitioner was taken into immigration custody on June 23, 2026, after admitting to an immigration officer that he did not have

permission to be in the United States. He is currently detained at the Northwest Ice Processing Center after transfers from facilities in Florida and Texas.

Respondent asserts that Petitioner's detention is subject to an entirely different statutory scheme than what is typically seen in habeas petitions in this district. It indicates that Petitioner was originally admitted under the VWP, which provides for more expedited temporary admission for noncitizens from countries with less "immigration abuse" into the United States. 8 U.S.C. § 1187(a); 8 C.F.R. § 217.2(a). Respondents indicate that noncitizens who invoke the benefits of this program waive their right to contest any action for removal, except for those concerning applications for asylum. It further asserts that Petitioner's detention is authorized under the VWP statutory scheme, and he was never entitled to a bond hearing. 8 U.S.C. § 1187(b)(2).

Courts in the Western District have already declined to follow this line of reasoning. Petitioners who overstay their admission under the VWP are subject to the detention scheme under 8 U.S.C. § 1226. *Mitka v. ICE Field Off. Dir.*, No. C19-193 MJP, 2019 WL 5892025, *2 (W.D. Wash. Nov. 12, 2019). The Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Respondent's reliance on out-of-circuit caselaw and assertion that arbitrary prolonged detention is permitted for VWP participants when it is unconstitutional for any other asylum seeker is unconvincing.

Civil immigration detainees who resided in the United States prior to their present detention are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th

Cir. 2026). Instead, these individuals are subject to the detention scheme under 8 U.S.C. § 1226. *Id*.

Given the information available at this time, it does not appear that Petitioner has a qualifying prior criminal conviction that would subject him to mandatory detention under 8 U.S.C. § 1226(c). As Petitioner is not detained pursuant to 8 U.S.C. §§ 1225(b) or 1226(c), he is subject to discretionary detention under 8 U.S.C. § 1226(a). *Id*.; *See also, Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under Mathews requires immediate release to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV 00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention.").

Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he has lived in the United States since 2023, is the primary provider for his U.S. citizen daughter and granddaughter, and was actively engaged in immigration proceedings to secure lawful status prior to his re detention. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detention was the impetus for the pending controversy. Therefore, Petitioner should be released as that was his status prior to re-detention. *See Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes

statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of September 2026.

Stanley A. Bastian
United States District Judge